```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

JORGE MANUEL AUCACAMA, *individually and on behalf of others similarly situated*,

                        Plaintiff,

-against-

BANCONE LLC (D/B/A PETRARCA CUCINA E VINO), LEONARDO PULITO, and ANTOINETTE PULITO,

                        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/2018
```

18 Civ. 3245 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff, Jorge Manuel Aucacama, brings this action against Defendants, Bancone LLC (d/b/a Petrarca Cucina e Vino), Leonardo Pulito, and Antoinette Pulito, for, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Compl. ¶¶ 60–66, ECF No. 1. Having reached a settlement, the parties seek the Court's approval of their proposed settlement agreement. *See* Joint Letter, ECF No. 30. For the reasons stated below, the parties' request for approval is DENIED without prejudice to renewal.

**DISCUSSION**

    I.    <u>Legal Standard</u>

      FLSA was designed "to correct and as rapidly as practicable to eliminate" the practice of employers failing to pay their employees proper wages. 29 U.S.C. § 202(b). "FLSA places strict limits on an employee's ability to waive claims . . . for fear that employers would coerce employees into settlement and waiver." *Armenta v. Dirty Bird Group, LLC*, No. 13 Civ. 4603, 2014 WL 3344287, at *1 (S.D.N.Y. June 27, 2014) (internal quotation marks and citation omitted). Therefore, "an employee may not waive or otherwise settle a[] FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *see generally Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981).

      District courts must evaluate whether a proposed FLSA settlement is "fair and reasonable" before entering judgment. *Wolinsky*, 900 F. Supp. 2d at 335. In conducting this inquiry, courts must consider the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id*. (internal quotation marks and citation omitted). Factors that weigh against

settlement approval include: "(1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id.* at 336 (internal quotation marks and citation omitted).

II.    Application

Having carefully reviewed the parties' submissions, the Court identifies one problem with the proposed settlement. The waivers and releases in Paragraph 3 of the agreement are too sweeping to be "fair and reasonable." *Wolinsky*, 900 F. Supp. 2d at 335. In effect, these provisions waive any possible claims against Defendants—including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues. *See* Proposed Settlement Agreement ¶ 3, ECF No. 30-1.[1]

When scrutinizing settlement agreements, courts in this district "routinely reject release provisions that waive practically any possible claim against the defendants." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). The Second Circuit has explained that class action releases "may include claims not presented and even those which could not have been presented," but only when "the released conduct arises out of the identical factual predicate as the settled conduct." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 107 (2d Cir. 2005) (internal quotation marks omitted). Recognizing that overbroad releases are "doubly problematic" in the FLSA context, *Lopez*, 96 F. Supp. 3d at 181, district courts in this circuit have strongly disfavored general releases in FLSA settlement agreements, *see, e.g.*, *id.*; *see also Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647, 2016 WL 3637103, at *1 (S.D.N.Y. June 29, 2016) (refusing to approve a settlement agreement releasing "Defendants from a number of enumerated claims arising from the employment relationship, including on-the-job injuries and discrimination claims"); *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (refusing to approve a "grossly overbroad '[f]ull [g]eneral [r]elease' provision"); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (ruling that "any release provision must be limited to the claims at issue in this action").

The Court joins those other courts that have refused to "countenance employers using FLSA settlements to erase all liability whatsoever in exchange for partial payment of wages allegedly required by statute." *Camacho v. Ess-A-Bagel, Inc.*, No. 14 Civ. 2592, 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014); *see also Rivera v. SA Midtown LLC*, No. 16 Civ. 2097,

---

[1] Under the proposed settlement agreement, Plaintiff "with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which he had, now have or hereafter can, shall or may have against Defendants, arising out of, by reason of, or relating to any way whatsoever to any matter, cause or thing from the beginning of the world . . . ." Proposed Settlement Agreement ¶ 3.

2017 WL 1378264, at *1 (S.D.N.Y. Apr. 11, 2017) (refusing to approve a mutual broad release where as a practical matter "its effect may be to confer a benefit disproportionately on the employer defendant, who in practice is less likely than the employee plaintiff to have claims to bring against its adversary"). Indeed, releases like Paragraph 3 confer "an uncompensated . . . and unfair benefit on the employer." *Camacho*, 2014 WL 6985633, at *4 (internal quotation marks and citation omitted). Thus, until the releases in Paragraph 3 are limited to claims relating to the existing suit, the Court will not approve the agreement.

## CONCLUSION

Accordingly, the parties' request for the Court to approve the proposed settlement agreement is DENIED without prejudice to renew. By **October 25, 2018**, the parties shall file a revised settlement agreement in accordance with this Order.

SO ORDERED.

Dated: September 25, 2018
    New York, New York

_____
ANALISA TORRES
United States District Judge