**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JORGE MANUEL AUCACAMA, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>BANCONE LLC (D/B/A PETRARCA CUCINA E VINO), LEONARDO PULITO, AND, ANTOINETTE PULITO,<br><br>*Defendants.* | 18-cv-03245<br><br>**SETTLEMENT AGREEMENT**<br>**AND RELEASE** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Jorge Manuel Aucacama ("Plaintiff Aucacama") on the one hand, Bancone LLC (d/b/a Petrarca Cucina e Vino), Leonardo Pulito and Antoinette Pulito, (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Aucacama alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Aucacama's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-03245 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.  Payment: Defendants shall pay or cause to be paid to Plaintiff Aucacama, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Aucacama may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Aucacama, the gross sum of Forty-Two Thousand Five Hundred Dollars and No Cents (**$42,500.00**) (the "Settlement Amount") to be paid to Plaintiff Aucacama's attorneys in Eight ("8") installments, as follows:

1231196.1

(a)     Installment One: A post-dated check in the amount of Five Thousand Three Hundred Twelve Dollars and Fifty Cents ($5,312.50) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Aucacama", for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiff Aucacama's counsel. Determination of the Plaintiff Aucacama's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Aucacama and their counsel.

(b)     Installment Two: A post-dated check in the amount of Five Thousand Three Hundred Twelve Dollars and Fifty Cents ($5,312.50) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Aucacama", for immediate deposit Sixty Days (60) after court approval of the settlement agreement, delivered to Plaintiff Aucacama's counsel. Determination of the Plaintiff Aucacama's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Aucacama and their counsel.

(c)     Installment Three: A post-dated check in the amount of Five Thousand Three Hundred Twelve Dollars and Fifty Cents ($5,312.50) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Aucacama", for immediate deposit Ninety Days (90) after court approval of the settlement agreement, delivered to Plaintiff Aucacama's counsel. Determination of the Plaintiff Aucacama's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Aucacama and their counsel.

(d)     Installment Four: A post-dated check in the amount of Five Thousand Three Hundred Twelve Dollars and Fifty Cents ($5,312.50) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Aucacama", for immediate deposit One Hundred and Twenty Days (120) after court approval of the settlement agreement, delivered to Plaintiff Aucacama's counsel. Determination of the Plaintiff Aucacama's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Aucacama and their counsel.

(e)     Installment Five: A post-dated check in the amount of Five Thousand Three Hundred Twelve Dollars and Fifty Cents ($5,312.50) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Aucacama", for immediate deposit One Hundred and Fifty Days (150) after court approval of the settlement agreement, delivered to Plaintiff Aucacama's counsel. Determination of the Plaintiff Aucacama's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Aucacama and their counsel.

(f)     Installment Six: A post-dated check in the amount of Five Thousand Three Hundred Twelve Dollars and Fifty Cents ($5,312.50) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Aucacama", for immediate deposit One Hundred and Eighty Days (180) after court approval of the settlement agreement, delivered to Plaintiff Aucacama's counsel. Determination of the Plaintiff Aucacama's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Aucacama and their counsel.

(g)     Installment Seven: A post-dated check in the amount of Five Thousand Three Hundred Twelve Dollars and Fifty Cents ($5,312.50) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Aucacama", for immediate deposit Two Hundred and Ten Days (210) after court approval of the settlement agreement, delivered to Plaintiff Aucacama's counsel. Determination of the Plaintiff Aucacama's share, counsel fees, and costs, is the

responsibility solely of the Plaintiff Aucacama and their counsel.

(h)     Installment Eight: A post-dated check in the amount of Five Thousand Three Hundred Twelve Dollars and Fifty Cents ($5,312.50) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Aucacama", for immediate deposit Two Hundred and Forty Days (240) after court approval of the settlement agreement, delivered to Plaintiff Aucacama's counsel. Determination of the Plaintiff Aucacama's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Aucacama and their counsel.

Within 30 days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under this Agreement.

Concurrently with the execution of this Agreement, Defendants Bancone LLC (d/b/a Petrarca Cucina e Vino), Leonardo Pulito, and Antoinette Pulito shall each execute and deliver to Aucacama's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits A-C respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Aucacama's counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Aucacama's counsel's escrow account, or Defendants fail to deliver the payments to Aucacama's counsel within 30 days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail and to their counsel via first class mail and email, each as set forth in the Notice provision at ¶8 of this Agreement.) Notwithstanding any other time set forth in the Notice provision at ¶8 of this Agreement, any such Notice of Default shall be deemed received five (5) days after it is mailed and emailed. Under no circumstances may these Confessions of Judgment be used to pursue or collect any amount that, in the aggregate amongst the three Confessions of Judgment, exceeds Sixty-Three Thousand Seven Hundred Fifty Dollars and No Cents ($63,750), less any payments made under this Agreement.

2.     <u>Discontinuance of the Litigation with Prejudice</u>: The Parties hereto agree that they will work together to secure court approval of this Agreement, that such court approval shall include discontinuance of the Litigation with prejudice, and that such discontinuance of the Litigation with prejudice shall be a prerequisite to any release to or access by Plaintiff Aucacama or Plaintiff Aucacama's counsel with respect to the payments identified in paragraph 1.

3..    <u>Release and Covenant Not To Sue</u>:
A. **Limited Release by Plaintiff to Defendants.** In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind

whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which he had, now have or hereafter can, shall or may have against Defendants, arising from the transactions and occurrences set forth in this lawsuit including but not limited to: (i) claims arising directly or indirectly from Plaintiff's association, employment, and/or engagement with any of the Defendants, whether as independent contractors, employees, or otherwise, and/or the termination of that association, employment, and/or engagement; (ii) claims for minimum wages, overtime, commissions, and/or unpaid wages, compensation, and/or other remuneration, whether based on common law or otherwise, which specifically includes all claims for unpaid overtime, improper deductions, travel time, off-the-clock work, spread of hours pay, bonuses, penalties, expense reimbursements, gratuities, charges purporting to be gratuities, fees, tip credits, tip allowances, service charges, retained gratuities, improper tip pooling or tip sharing arrangements, call-in pay, tools-of-the-trade, and/or meal credits during Plaintiff's employment with any of the Defendants and/or other compensation, wages. This release is limited solely and only to claims arising from the transactions and occurrences set forth in this lawsuit that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date. Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiff and referenced herein, are a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act and/or other law for time worked.

### B. **General Release by Defendants to Plaintiff.**

Defendants agree to, with respect solely and only to claims arising from the transactions and occurrences set forth in this lawsuit and conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Plaintiff from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or may have against Plaintiff.

   4. <u>Department of Labor Matter</u>: Plaintiff Aucacama hereby acknowledges that he filed a minimum wage/overtime underpayment complaint with the New York Department of Labor which overlapped with the time period at issue in the Litigation, and led to a letter to Defendants demanding payment from the Department of Labor dated June 5, 2018. Plaintiff Aucacama further represents that he has withdrawn that complaint and that the Department of Labor has confirmed that withdrawal. Plaintiff Aucacama acknowledges that the release given herein is intended to cover any claim by the New York State Department of Labor that overlaps with the time period at issue in the Litigation, and agrees that, should the New York State Department of Labor reopen the matter referenced in its June 5 letter, or otherwise attempt to bring claims on his behalf that relate to the time period at issue in the Litigation, Defendants shall be entitled to suspend payments under this Agreement until such matter is closed with prejudice, invoke the release contained herein to obtain dismissal, and/or, at their election: (1) take as a credit for purposes of this Agreement any amounts paid to the New York State Department of Labor in connection with such matter, and (2) have any payments made pursuant to this Agreement applied as credits in such matter.

4

5. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Aucacama and Defendants.

7. <u>Acknowledgments:</u> Plaintiff Aucacama acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiff Aucacama and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the third business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

| To Plaintiff Aucacama: | To Defendants: |
|---|---|
| Michael Faillace, Esq.<br>**MICHAEL FAILLACE & ASSOCIATES, P.C.**<br>60 East 42nd St. Suite 4510<br>New York, NY 10165<br>Tel: (212) 317-1200<br>Fax: (212) 317-1620<br>Email: michael@faillacelaw.com | Thomas A. Kissane<br>**SCHLAM STONE & DOLAN LLP**<br>26 Broadway<br>New York, NY 10004<br>Tel: 212-344-5400<br>Email: tkissane@schlamstone.com |

9. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The Parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Aucacama agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. <u>No-Publication /Non-Disparagement:</u> The Parties will not Publish any statements on social media or any other kind of public forum, apart from publications necessary to obtain the approval of this Agreement by the District Court, regarding the contents and terms of this

Agreement. The Parties will not make any untruthful disparaging statements about each other whether in public or in private.

12.     Release Notification: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C. Plaintiff Aucacama acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff Aucacama confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

13.     Counterparts: To signify their agreement to the terms of this Agreement and Release, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart. This Agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____          Date: _____
    JORGE MANUEL AUCACAMA


DEFENDANTS:

By: _[signature]_____            Date: 10/19/2018
    BANCONE LLC

By: _[signature]_____            Date: 10/19/2018
    LEONARDO PULITO

By: _[signature]_____            Date: 10/19/2018
    ANTOINETTE PULITO

6

Agreement. The Parties will not make any untruthful disparaging statements about each other whether in public or in private.

   12. <u>Release Notification</u>: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C. Plaintiff Aucacama acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff Aucacama confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

   13. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart. This Agreement may also be executed by facsimile transmission.

<u>PLAINTIFF</u>:

By: _/s/ Jorge M Aucacama_      Date: 10-19-18
  JORGE MANUEL AUCACAMA

<u>DEFENDANTS</u>:

By: _____      Date: _____
  BANCONE LLC

By: _____      Date: _____
  LEONARDO PULITO

By: _____      Date: _____
  ANTOINETTE PULITO

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------- x
JORGE MANUEL AUCACAMA, *individually and* :
*on behalf of others similarly situated,* :
:  Index No.:
*Plaintiff,* :
:
-against- :  **AFFIDAVIT OF**
:  **CONFESSION OF JUDGMENT**
BANCONE LLC (D/B/A PETRARCA CUCINA E :
VINO), LEONARDO PULITO, AND, :
ANTOINETTE PULITO, :
:
*Defendants.* :
:
------------------------------------- x

STATE OF NEW YORK  )
                   : ss.:
COUNTY OF NEW YORK )

1. I reside in New York County.

2. I, Leonardo Pulito, am the President of Bancone LLC (d/b/a Petrarca Cucina e Vino). I am duly authorized to make this affidavit of confession of judgment on behalf of Bancone LLC (d/b/a Petrarca Cucina e Vino).

3. Bancone LLC (d/b/a Petrarca Cucina e Vino), maintains its principal place of business in New York County at 34 White St, New York, NY 10013.

4. Pursuant to the terms of the Settlement Agreement and Release by and between Jorge Manuel Aucacama ("Plaintiff") and Bancone LLC (d/b/a Petrarca Cucina e Vino), Leonardo Pulito, and, Antoinette Pulito (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Bancone LLC (d/b/a Petrarca Cucina e Vino) in favor of Plaintiff for the sum of Sixty-Three Thousand Seven Hundred Fifty Dollars and No Cents ($63,750), less any payments made under the Settlement Agreement.

5. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $42,500.00 to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of $42,500.00 plus liquidated damages of $21,250.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

8

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $63,750 (less any amounts already paid to Plaintiff pursuant to the above schedule), against Bancone LLC (d/b/a Petrarca Cucina e Vino).

8. This Confession of Judgment is given together with substantially identical Confessions of Judgment given by Antoinette Pulito and Leonardo Pulito, co-defendants, along with Bancone LLC (d/b/a Petrarca Cucina e Vino), in the action that is the subject of the Settlement Agreement. Under no circumstances may this Confession of Judgment, or the Confessions of Judgment given by Antoinette Pulito and/or Leonardo Pulito, be used to pursue or collect any amount that, in the aggregate amongst the three Confessions of Judgment, exceeds Sixty-Three Thousand Seven Hundred Fifty Dollars and No Cents ($63,750), less any payments made under the Settlement Agreement.

Bancone LLC

By: _____
LeonardoPulito
Title: President

STATE OF new york )
County of NY        : ss.:

On October 19, 2018, before me personally came Leonardo Pulito, to me known, who, by me duly sworn, did depose and say that deponent resides at new york, new york, that deponent is the President of Bancone LLC the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Bancone LLC and was authorized to do so.

_____
Notary Public

DOUGLAS E GROVER
NOTARY PUBLIC, State of New
No. 02GR5033724
Qualified in Kings County
Commission Expires 9-26-199 2022

9

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JORGE MANUEL AUCACAMA, *individually* :
*and on behalf of others similarly situated,* : Index No.:
:
:
  *Plaintiff,* : **AFFIDAVIT OF**
: **CONFESSION OF JUDGMENT**
       -against- :
:
BANCONE LLC (D/B/A PETRARCA CUCINA E :
VINO), LEONARDO PULITO, AND, :
ANTOINETTE PULITO, :
:
   *Defendants.* :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK  )

1. I reside in New York County.

2. Pursuant to the terms of the Settlement Agreement and Release by and between Jorge Manuel Aucacama ( "Plaintiff") Bancone LLC (d/b/a Petrarca Cucina e Vino), Leonardo Pulito, and Antoinette Pulito (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff Aucacama for the sum of Sixty-Three Thousand Seven Hundred Fifty Dollars and No Cents ($63,750), less any payments made under the Settlement Agreement.

3. This affidavit of confession of judgment is for a debt justly due to Plaintiff Aucacama under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $42,500.00 to Plaintiff Aucacama. The amount of this affidavit of confession of judgment represents the settlement amount of $42,500.00 plus liquidated damages of $21,250.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $63,750 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, Leonardo Pulito.

6. This Confession of Judgment is given together with substantially identical Confessions of Judgment given by Antoinette Pulito and Bancone LLC, d/b/a Petrarca Cucina e Vino, my co-defendants in the action that is the subject of the Settlement Agreement. Under no

11

circumstances may this Confession of Judgment, or the Confessions of Judgment given by Antoinette Pulito and/or Bancone LLC, d/b/a Petrarca Cucina e Vino, be used to pursue or collect any amount that, in the aggregate amongst the three Confessions of Judgment, exceeds of Sixty-Three Thousand Seven Hundred Fifty Dollars and No Cents ($63,750), less any payments made under the Settlement Agreement.

7.

_____
Leonardo Pulito

Sworn to before me this
19 day of October 2018

_____
Notary Public

DOUGLAS E. GROVER
NOTARY PUBLIC, State of New York
No. 02GR6033724
Qualified in Kings County
Commission Expires 9-28-~~199~~ 2022

12

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------ x
JORGE MANUEL AUCACAMA, *individually and* :
*on behalf of others similarly situated*, :
                                                      : Index No:
                               *Plaintiff*, :
      -against-                              :
                                                       : **AFFIDAVIT OF**
BANCONE LLC (D/B/A PETRARCA CUCINA E : **CONFESSION OF JUDGMENT**
VINO), LEONARDO PULITO, AND, :
ANTOINETTE PULITO, :
                                                 *Defendants*. :
                                                                         :
------------------------------ x

STATE OF NEW YORK    )
                               : ss.:
COUNTY OF NEW YORK  )

1. I reside in New York County.

2. Pursuant to the terms of the Settlement Agreement and Release by and between Jorge Manuel Aucacama ( "Plaintiff" ), Bancone LLC (d/b/a Petrarca Cucina e Vino), Leonardo Pulito, and, Antoinette Pulito (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff Aucacama for the sum of Sixty-Three Thousand Seven Hundred Fifty Dollars and No Cents ($63,750), less any payments made under the Settlement Agreement.

3. This affidavit of confession of judgment is for a debt justly due to Plaintiff Aucacama under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $42,500.00 to Plaintiff Aucacama. The amount of this affidavit of confession of judgment represents the settlement amount of $42,500.00 plus liquidated damages of $21,250.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $63,750 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, Antoinette Pulito.

6. This Confession of Judgment is given together with substantially identical Confessions of Judgment given by Leonardo Pulito and Bancone LLC, d/b/a Petrarca Cucina e Vino, my co-defendants in the action that is the subject of the Settlement Agreement. Under no

14

circumstances may this Confession of Judgment, or the Confessions of Judgment given by Leonardo Pulito and/or Bancone LLC, d/b/a Petrarca Cucina e Vino, be used to pursue or collect any amount that, in the aggregate amongst the three Confessions of Judgment, exceeds Sixty-Three Thousand Seven Hundred Fifty Dollars and No Cents ($63,750), less any payments made under the Settlement Agreement.

_____<br>
Antoinette Pulito

Sworn to before me this
19 day of October 2018

_____
Notary Public

DOUGLAS E. GROVER
NOTARY PUBLIC, State of New York
No. 02GR5033724
Qualified in Kings County
Commission Expires 9-26-19 2022

15