UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE MANUEL AUCACAMA,
*individually and on behalf of others similarly
situated*,

                                       Plaintiff,

                  -against-

BANCONE LLC (D/B/A PETRARCA CUCINA E
VINO), LEONARDO PULITO, and
ANTOINETTE PULITO,

                                       Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  __10/26/2018__

18 Civ. 3245 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On April 13, 2018, Plaintiff, Jorge Manuel Aucacama, filed this action alleging, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Compl. ¶¶ 60–66, ECF No. 1. On July 27, 2018, the parties notified the Court that they reached a settlement and moved for approval of their settlement agreement. Joint Letter, ECF No. 30. On September 25, 2018, the Court denied the motion without prejudice on the ground that the settlement agreement contained overly broad waivers and releases which "waive[d] any possible claims against Defendants—including unknown claims and claims that had no relationship whatsoever to wage-and-hour issues." ECF No. 31 at 2. The parties have now filed a revised settlement agreement which "contain[s] a limited release of claims," and the parties have moved for approval of their revised settlement (the "Revised Settlement"). ECF Nos. 32, 32-1. For the reasons stated below, the motion is GRANTED.

**DISCUSSION**

I.     Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorneys' fees, the Court must separately assess the reasonableness of the fee award.  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).  "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)).  Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done."  *Id.* (citation omitted).

II.    Analysis

The Revised Settlement provides for Defendants to pay a total of $42,500, with Plaintiff to receive $28,050, and Plaintiff's counsel to receive approximately one-third of the settlement: $14,450.  Joint Letter at 1; Settlement Agreement and Release ("Revised Settlement") ¶ 1, ECF No. 32.  The parties' letter motion identifies Plaintiff's total possible recovery, if he were to succeed on all of his claims, to be $23,056.25 in back wages.  Joint Letter at 1.  The parties also assert that one of their primary motivators in reaching the Revised Settlement was "to avoid forcing the parties and the Court to spend time and resources needlessly," and note that "Plaintiff has chosen to accept a compromise of his greatest potential recovery" in the "interest of time and in order to avoid the risk of litigation."  *Id.* at 1–2.  Additionally, the parties describe how they engaged in arms-length bargaining, and there is no evidence of fraud or collusion.  *Id.* at 2.  The Court, therefore, concludes that the Revised Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provision in the Revised Settlement is no longer overly broad, as the release by Plaintiff to Defendants is "limited solely and only to claims arising from the transactions and occurrences set forth in this lawsuit that have arisen on, or prior to, the date this Agreement is executed."  Revised Settlement ¶ 3.  The Revised Settlement also contains no confidentiality provision.  Moreover, although the Revised Settlement includes a mutual non-disparagement clause, this clause only limits "*untruthful* disparaging statements."  Revised Settlement ¶ 11 (emphasis added).  The Court is, therefore, satisfied that the Revised Settlement is fair and reasonable.  *See Zhi Li Zhong v. Rockledge Bus Tour Inc.*, No. 18 Civ. 454, 2018 WL 3733951, at *3 (S.D.N.Y. Aug. 6, 2018) (non-disparagement clause was fair and reasonable where it contained a carve-out for truthful statements about the plaintiffs' experiences litigating their case).

Turning to attorney's fees, Plaintiff's counsel seeks to recover a $14,450 fee award, reflecting one-third of the total value of the Revised Settlement.[1]  Joint Letter at 1; Revised Settlement ¶ 1.  The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [her] counsel."  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).  As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of attorney's hours billed, previously known as the lodestar method.  *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *5 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel's lodestar calculation is $4,709 in attorney's fees for work done by Michael Faillace & Associates, P.C.  Billing Records, ECF No. 30-3.  Michael Faillace, lead counsel on the matter, billed 5.8 hours at a rate of $450 per hour.  *Id.*  This rate is reasonable, as Faillace is the managing member of the firm, has been practicing since 1983, and has taught employment discrimination at Fordham University and Seton Hall University law schools.  Joint Letter at 3; *see also Surdu v. Madison Glob., LLC*, No. 15 Civ. 6567, 2018 WL 1474379, at *10 (S.D.N.Y. Mar. 23, 2018) (finding reasonable Faillace's hourly rate of $450).  Additional hours are billed by associate Colin Mulholland, who billed 4.3 hours at a rate of $350 per hour.  *See* Billing Records.  This rate is also reasonable.  *See Calle v. NDG Coffee Shop, Inc.*, No. 16 Civ. 7702, 2018 WL 1779347, at *2 (S.D.N.Y. Apr. 12, 2018) (finding reasonable a higher hourly rate of $375 for Mulholland).

Although the lodestar calculation exceeds the one-third fee award which counsel seeks, the Revised Settlement was achieved at an early stage of the litigation and without great exertion of Court resources, which is a positive reflection of counsel's experience and the quality of the representation.[2]  *See Asare v. Change Grp. of N.Y., Inc.*, No. 12 Civ. 3371, 2013 WL 6144764, at *21 (S.D.N.Y. Nov. 18, 2013) (finding that "[c]ounsel's skill and experience was directly responsible for this favorable settlement reached in an efficient manner without great Court intervention at an early stage of litigation," which favored approval of attorney's fees).  Given these facts, and that "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases," *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015), the Court finds that the fee award is reasonable.

---

[1]  Of that amount, Plaintiff's counsel requests $594 in costs for filing fees and process servers.  Billing Records at 2.  The attorney's fees award in this case, therefore, would be $13,856, or 32.6% of the total settlement fund.  *See generally Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667, 2015 WL 5122530, at *1 & n.1 (S.D.N.Y. Aug. 31, 2015) ("The Court's view is that attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs.").

[2]  An attorney's fees and costs award of $14,450 is a 3.5 multiplier of the lodestar calculation of $4,115.  Although this multiplier is on the high end of those generally allowed in this Circuit, it is not unheard of.  *See, e.g., Shapiro v. JPMorgan Chase & Co.*, No. 11 Civ. 7961, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 24, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District." (citation omitted)); *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar.").  "Assuming the multiplier here is somewhat higher than normally awarded, this Court nonetheless recognizes the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." *Pinzon v. Jony Food Corp.*, No. 18 Civ. 105, 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) (citation omitted).

**CONCLUSION**

For the reasons stated above, the parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: October 26, 2018
        New York, New York

_____
ANALISA TORRES
United States District Judge